STEWART, HOWE & MAY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  February 25, 1902.)

No. 28.

CUSTOMS DUTIES—VELVET CORD—CORDUROY.

A pile fabric, commercially known as "velvet cord," "ribbed velvet," or "corded velvet," is not "corduroy composed of cotton or other vegetable fiber," within Tariff Act 1897, par. 315, and is not assessable as such.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The case comes here upon appeal from a decision of the circuit court, Southern district of New York (107 Fed. 267), affirming a decision of the board of general appraisers which sustained the action of the collector of the port of New York in classifying certain cotton goods for duty.

A. P. Ketchum, for appellant.
Chas. D. Baker, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.  The relevant paragraph of the tariff act of 1897 reads as follows:

"(315) Plushes, velvets, velveteens, corduroys and all pile fabrics, cut or uncut; any of the foregoing composed of cotton or other vegetable fiber, not bleached, dyed, colored, stained, painted or printed, nine cents per square yard and twenty-five per centum ad valorem; if bleached, dyed, colored, stained, painted or printed, twelve cents per square yard and twenty-five per centum ad valorem: provided, that corduroys composed of cotton or other vegetable fiber, weighing seven ounces or over per square yard, shall pay a duty of eighteen cents per square yard and twenty-five per centum ad valorem: provided further, that manufactures or articles in any form, including such as are commonly known as bias dress facings or skirt bindings, made or cut from plushes, velvets, velveteens, corduroys, or other pile fabrics composed of cotton or other vegetable fiber, shall be subject to the foregoing rates of duty, and in addition thereto ten per centum ad valorem: provided further, that none of the articles or fabrics provided for in this paragraph shall pay a less rate of duty than forty-seven and one-half per centum ad valorem."

The goods weigh over seven ounces per square yard.  It is not disputed that they are pile fabrics, and dutiable under the first part of this paragraph, if they are not dutiable under the proviso, as corduroys. They are invoiced as "black cotton velvet cords," are made of cotton, with a fine rib, and are chiefly used for women's skirts, sometimes for making women's jackets, and also for boys' wearing apparel.  They have been imported for the past ten years, and have been sold variously under the names of "velvet cords," "ribbed velvets," or "corded velvets."  The board found the evidence conflicting, and held that it would seem to be better capable of being harmonized on the theory that a "velvet cord" is a species of corduroy, and the circuit court concurred with them.  We are unable to reach the same conclusion.  If the evidence of the retail salesmen be disregarded,—and certainly it is unpersuasive, since their transactions are not with the trade, but

only with the consumer, who is ignorant of trade names and trade classification,—the evidence will not be found to be so conflicting. Morrison v. Miller (C. C.) 37 Fed. 82; Hills Bros. Co. v. U. S., 39 C. C. A. 500, 99 Fed. 264. These goods are never bought or sold as corduroys, though that circumstance would be immaterial if they were in fact corduroys. They are not within the definition of "corduroy" given in the Century Dictionary, which describes a thick stuff especially used for the outer garments of men engaged in rough labor, field sports, and the like. These goods are never so used, and are not fit for such use. It seems to have been assumed below that the word "cords" is an abbreviation of "corduroy," the latter word being a generic term covering a group of several species. Reference to these words in the New English Dictionary of the Philological Society, however, shows that "cords" came first into use, and "corduroy" or "corde du roy" was a term of subsequent invention. The specifications of Woostenholm's patent, No. 1,123, of 1776 (cited in this dictionary), speaks of "velveteen cords," and of nearly everything of the fustian kind, but does not mention corduroy. The first use of the latter word seems to be more than 10 years later. Evidently the broader word of the two is "cords." The most significant fact in proof—and it is not disputed—is that the goods imported (Exhibit 1) differ from what all concede to be a corduroy (Exhibit A), not only in the kind of yarn and thread used, the width of the goods, and the quality of the cotton, but also in the method of manufacture. They are made on different looms. The corduroy is cut by machinery; the velvet cord, by hand. Velvet cord is made on a velvet loom. A loom used to make corduroys could not be used to make ribbed velvets "without considerable alteration, which would be very costly, and would not be worth while doing. It is not done." Exhibit 1 is made on an ordinary velvet or velveteen loom. Exhibit A is made on a corduroy loom,—a much heavier loom. Corduroys, in fact, are not made by the manufacturers who make velvet cords, nor velvet cords by the manufacturers who make corduroy. The evidence shows them to be different articles, the dictionaries do not indicate that the same word covers both, and we do not find the evidence persuasive to the conclusion that commercial usage knows the velvet cord as a variety of corduroy.

The decision of the circuit court is reversed.